UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JELANI A. BEE,<br><br>          Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security<br>Administration,<br><br>          Defendant. | No.  CV 13-650-PLA<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE AND FOLLOW COURT ORDERS** |

For the reasons set forth below, this action is dismissed without prejudice for failure to prosecute and follow Court orders.

**I.**

**BACKGROUND**

On February 1, 2013, plaintiff, then represented by counsel, filed this action, arising under the provisions of the Social Security Act, Title II and XVI, pursuant to 42 U.S.C. §§ 405(g) and 1383(c).  Plaintiff sought review of the final decision of the Commissioner of Social Security denying his applications for disability insurance benefits and supplemental security income. (Complaint at 1-2).

The parties filed Consents to proceed before the undersigned Magistrate Judge on February 25, 2013. On September 12, 2013, the Court received a "Motion to Withdraw as Counsel of Record and Motion for Extension of Time" from plaintiff's attorney, Young Cho. (Docket No. 17). On September 13, 2013, the Court ordered plaintiff to "file his response/opposition, if any, to [Attorney Cho's] Motion no later than October 4, 2013," and instructed that failure to do so "[would] result in the Court granting the Motion to Withdraw." Plaintiff's attorney was ordered to serve plaintiff with a copy of the September 13, 2013, Order, setting the date for plaintiff's response, with a proof of service to be filed with the Court. The proof of service was filed, indicating that the Court's Order was served on plaintiff on September 16, 2013. (Docket No. 18).

On October 8, 2013, having received no response to the Motion from plaintiff, the Court granted the Motion to Withdraw as Counsel of Record, and plaintiff was thereby substituted in pro per for attorney Young Cho. (Docket No. 19). In the same Order, the parties were ordered to notify the Court, no later than December 10, 2013, whether a voluntary remand was being accepted in this case by lodging a proposed Judgment. In the event that the parties did not agree to a voluntary remand, plaintiff was ordered to so inform the Court, no later than December 6, 2013, "in a filed and served pleading entitled 'Notice of Compliance with the Settlement Conference Order.'"

Having received neither a proposed Judgment from the parties nor a Notice of Compliance from plaintiff, the Court on December 16, 2013, ordered plaintiff to show cause why this case should not be dismissed for failure to prosecute. (Docket No. 20). Plaintiff was ordered to respond no later than December 23, 2013, and further instructed that "failure to timely respond to this Order [to Show Cause] shall result in dismissal of this action."

**To date, the Court has not received a proposed Judgment from the parties, and plaintiff has filed neither a Notice of Compliance per the Court's October 8, 2013, Order, nor any response to the Court's December 16, 2013, Order to Show Cause. His time to do so has now passed.**

/

## II.

## **DISCUSSION**

It is well established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L.Ed.2d 734 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

In determining whether to dismiss this action due to plaintiff's failure to prosecute or comply with Court orders, the Court must consider the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988); see also In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

The first two factors -- the public's interest in expeditious resolution of litigation and the Court's need to manage its docket -- weigh in favor of dismissal. Plaintiff's failure to file any response to the Court's Orders of October 8, 2013, and December 16, 2013, hinders the Court's ability to move this case toward disposition and indicates that plaintiff does not intend to litigate this action diligently.

The third factor -- prejudice to defendant -- also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action. Eisen, 31 F.3d at 1452-53. Nothing suggests that such a presumption is unwarranted in this case.

The fourth factor -- public policy in favor of deciding cases on their merits -- weighs against dismissal. However, it is plaintiff's responsibility to move his case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley Co., 942

1  F.2d 648, 652 (9th Cir. 1991).  Plaintiff has not discharged this responsibility.  In these
2  circumstances, the public policy favoring resolution of disputes on the merits does not outweigh
3  plaintiff's failure to comply with Court orders.
4      The fifth factor -- availability of less drastic sanctions -- weighs in favor of dismissal.  The
5  Court attempted to avoid dismissal by advising plaintiff that the failure to respond to its December
6  16, 2013, Order to Show Cause "shall result in the dismissal of this action."  Nonetheless, plaintiff
7  failed both to file a Notice of Compliance with Settlement Conference Order as required by the
8  October 8, 2013, Order, and to respond to the Court's subsequent Order to Show Cause.
9      Taking all of the above factors into account, dismissal for failure to prosecute and follow Court
10  orders is appropriate.  Such a dismissal, however, should not be entered unless plaintiff has been
11  notified that dismissal is imminent.  See West Coast Theater Corp. v. City of Portland, 897 F.2d
12  1519, 1523 (9th Cir. 1990).  In this case, plaintiff was cautioned about the possibility of dismissal in
13  the December 16, 2013, Order to Show Cause.
14      Accordingly, plaintiff's action is dismissed without prejudice for failure to prosecute and follow
15  Court orders.

**IT IS SO ORDERED.**

DATED: January 8, 2014

_____
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

4